FILED
United States Court of Appeals
Tenth Circuit

March 5, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY DANIELS,

Defendant - Appellant.

No. 19-1456
(D.C. Nos. 1:19-CV-02225-RM &
1:17-CR-00047-RM-1)
(D. Colo.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **McKAY**, and **CARSON**, Circuit Judges.
_____

Anthony Daniels, currently in prison on federal charges, seeks a certificate of

appealability ("COA") permitting him to challenge the district court's order denying

his motion for habeas relief under 28 U.S.C. § 2255. Because the correctness of the

district court's order cannot be reasonably disputed, we deny Daniels' request for a

COA and dismiss this matter.

Daniels was indicted in federal court on a single firearms count. *United States*

*v. Daniels*, 755 F. App'x 796, 797 (10th Cir. 2018) (unpublished). The section of the

code under which Daniels was charged made it unlawful for any person "who has

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

been convicted in any court" of "a crime punishable by imprisonment for a term exceeding one year" to possess or receive "any firearm or ammunition" in "interstate or foreign commerce." 18 U.S.C. § 922(g)(1). A jury unanimously found Daniels guilty, and the district court sentenced him to 63 months in prison. *Daniels*, 755 F. App'x at 797. In his direct appeal, Daniels claimed that he was entitled to a mistrial because the jury received extraneous information. *Id.* at 797–800. We rejected that argument, noting, among other things, that there was "overwhelming evidence of Mr. Daniels' guilt." *Id.* at 800–02.

Daniels filed a motion to vacate, set aside, or correct his sentence under § 2255. Volume IV, Record on Appeal ("IV R.") at 14–35. He asserted that his trial counsel was ineffective for failing to argue that Daniels did not "knowingly" violate § 922(g)(1). *Id.* at 17. Citing *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Daniels alleged that "he believed he had a right to possess a firearm." *Id.* In particular, Daniels argued that he at all times thought he was a sovereign citizen known as a "Moorish American National," and "due to [these] beliefs," he "did not 'know'" he belonged to a category of persons who could be barred from possessing weapons. *Id.* at 33–34 (brackets added).

The district court denied Daniels' § 2255 motion on two grounds. *Id.* at 85-92. First, the district court held that the record established a "knowing" violation under *Rehaif.* *Id.* at 87–90. The district court emphasized that Daniels had served several years in prison on two prior convictions: (1) a 1995 aggravated robbery conviction, for which he received a 12 year sentence; and (2) a 2009 robbery conviction, for

2

which he received an eight year sentence. *Id.* at 86. The district court reasoned that even if Daniels believed the underlying sentences were invalid by virtue of his claimed "sovereign" status, this did not change the fact that Daniels was twice convicted of a crime punishable by more than a year in jail. *Id.* at 89. Second, the district court concluded that Daniels procedurally defaulted his *Rehaif* claim by neglecting to raise it on direct appeal, and even without the default, Daniels' trial counsel did not contravene *Strickland v. Washington*, 466 U.S. 68 (1984) by failing to raise a "knowledge" argument before the Supreme Court had even decided *Rehaif*. *Id.* at 89–91.

To obtain a COA, a prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). When a trial court denies a § 2255 petition on procedural grounds, a prisoner must show not only "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

We need not delve into procedural issues here, because no reasonable jurist could find the substantive issue presented by Daniels' petition to be debatable or deserving of further consideration. In *Rehaif*, the Supreme Court clarified that the

3

government has the burden to prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200 (citing 18 U.S.C. §§ 924(a)(2) & 922(g)); *see also id.* at 2194 ("We hold that the word 'knowingly' applies both to the defendant's conduct and to the defendant's status."). The relevant category in the case at hand includes persons previously convicted of "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1).

The record supports a conclusion that Daniels knew he had been convicted of crimes with prison terms of a year or more. He stipulated that he "had been previously convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year[.]" I R. at 135–36, 149. He served nearly 10 years of the 12 year prison sentence he received in 1995 for his aggravated robbery conviction. II R. at 63–64 ¶ 35. He also served in excess of a year on the eight year prison sentence he received in a 2013 retrial on his separate robbery charge, followed by intensive supervised probation. *Id.* at 65 ¶ 38. He knew. *See United States v. Fisher*, No. 18-3234, --- F. App'x ----, 2019 WL 6522869, *5 (10th Cir. 2019) (unpublished) (discussing how difficult it would be for a defendant to show plain error as to knowledge-of-status under § 922(g)(1), where the defendant had spent "over 30 years of his life in prison," and some of his past charges were felonies) (citation omitted).[1]

---

[1] *See also United States v. Williams*, 946 F.3d 968, 973–74 (7th Cir. 2020) (rejecting an assertion of plain error in part because the defendant, who "served a term of imprisonment longer than a year – than a decade even – for murder before he possessed the firearm," could not "plausibly argue" he was unaware of his felony

4

Daniels' argument is not really that he was unaware of his years in prison at the time he possessed a firearm in violation of § 922(g)(1). Instead, his argument is that he *disagreed* with his prior felony convictions, because he viewed himself as a sovereign citizen outside the jurisdiction of the American legal system. That is not a basis for relief under *Rehaif*. Defendants like Daniels surely could come up with countless reasons why they believe their previous convictions were invalid. But such subjective disagreements cannot rewrite or erase the past. Daniels was charged with and convicted of felony offenses. He went to prison for those offenses, spending more than a year behind bars each time. His philosophical objections to the legitimacy of United States government cannot change these realities.

---

status); *United States v. Marcum*, No. 18-30113, --- F. App'x ----, 2019 WL 6745442, *2 (9th Cir. 2019) (unpublished) (rejecting an assertion of plain error where, at the time of the search that uncovered the firearm, the defendant "was subject to the conditions of his supervised release from past felony convictions," leaving "no reasonable doubt" he "knew he was a felon at the time of the search"); *United States v. Gilcrest*, 792 F. App'x 734, 736 (11th Cir. 2019) (unpublished) (rejecting an assertion of plain error in part because "at the time of the offense," the defendant "knew he had been convicted of a crime punishable by more than a year in prison because he had served more than a year in prison on more than one occasion"); *United States v. Hollingshed*, 940 F.3d 410, 415–16 (8th Cir. 2019) (rejecting an assertion of plain error in part because the defendant previously served around four years in prison – plus an additional 15 months when his supervised release was revoked – for a felony offense).

Daniels' request for a COA is denied. Daniels' request to proceed *in forma pauperis* on appeal is denied as well. This matter is dismissed.

Entered for the Court


Mary Beck Briscoe
Circuit Judge